Fatima R. dos Santos Fahmy, Pro Se
email: fatimafahmy_65@hotmail.com
3440 Torrance Boulevard, Suite 104
Torrance, California 90503
Telephone: (310) 376-0076
Facsimile: (310) 792-1784

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CV 08 - 1 152 - PSG (SHx)

Fatima R. dos Santos Fahmy,
an individual,
Plaintiff,

v.

Stephen Graham Hogge, a.k.a.
Steven H. Graham,
an individual, and Does 1-3,

Defendants.

COMPLAINT FOR
Defamation, Libel, Libel
Per Se, Intentional and
Negligent Infliction of
Emotional Distress, Invasion
of Privacy and Jury Demand

Plaintiff FATIMA RITA DOS SANTOS FAHMY, Pro Se, brings this action and hereby alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a) in that the action is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  Venue is

1

2/20/2008 4:18:42 PM  Receipt #: 104538
      Cashier : ABELLAMY [LA 1-1]
Paid by: ROBERT K OATES ATTY AT LAW
2:CV08-01152
2008-086900        5 - Civil Filing Fee(1)
Amount :                      $60.00
2:CV08-01152
2008-510000       11 - Special Fund F/F(1)
Amount :                     $190.00
2:CV08-01152
2008-086400        Filing Fee - Special(1)
Amount :                     $100.00
Check Payment : 1490 /        350.00

proper in this district pursuant to 28 U.S.C. §1391(a) in that the effects of the events or omissions giving rise to this action occurred in this judicial district.

2.     Plaintiff Fatima R. dos Santos Fahmy is and was at all times relevant to this complaint, a citizen of the State of California.

3.     Defendant, Stephen Graham Hogge, a.k.a. Steven H. Graham is and was at all times relevant to this complaint, a citizen of the State of Florida.

## PARTIES

4.   Plaintiff Fahmy is an attorney admitted to practice in the State of Florida.  Ms. Fahmy is not a public figure nor has she sought recognition or notoriety by interjecting herself into any matter of controversy or public concern.

5.   Defendant Hogge a.k.a. Graham is a non-practicing attorney admitted to practice in the State of Florida.  Mr. Hogge/Graham is also the author and publisher of an interactive internet weblog, a "blog" entitled www.HOGONICE.com wherein he pseudonymously publishes commentary, solicits commentary and engages in dialogue with anonymous fellow "bloggers" while maintaining sole and exclusive editorial discretion over all such blog postings known as "comment threads."

2

6. Ms. Fahmy and Defendant Hogge/Graham became acquainted in or about 1998 while both were law students at the University of Miami School of Law in Coral Gables, Florida.

7. Ms. Fahmy and the defendant maintained a short-lived platonic relationship while in law school which ceased shortly after graduation in May of 2000.

8. Defendant Hogge/Graham repeatedly, yet erroneously refers to Ms. Fahmy throughout his blog as his former girlfriend. Such an allegation is unequivocally false and delusional at best.

9. Defendant Does 1-5 are sued herein by fictitious names because their true names are unknown to Plaintiff at this time. Plaintiff will seek leave to amend her complaint to allege the true names and capacities of these defendants when they have been ascertained. Plaintiff is informed and believes in good faith and therefore alleges that the fictitiously named defendants are responsible in some manner for the actions and damages alleged herein.

10. Plaintiff is informed and believes and therefore alleges that Defendant Hogge/Graham published numerous false, defamatory and grossly injurious statements about her on the HOGONICE.com website which he then also linked to various other websites and search engines utilizing a method

3

known as "google bombing" to ensure that any internet searches for Plaintiff's name would be directed to Defendant's defamatory blog postings.

11. Plaintiff Fahmy has not seen or spoken with Defendant Hogge/Graham in nearly eight years.

12. Such statements were disseminated and available to a worldwide wide audience at the click of a mouse causing Ms. Fahmy nearly incalculable pain and suffering as well as damage to her reputation. Given the viral and far reaching scope of the World Wide Web, it is unlikely that such posts, once published, can ever be fully deleted or removed.

## FIRST CAUSE OF ACTION FOR LIBEL

(Defendant Hogge/Graham)

13. Plaintiff incorporates by reference and realleges paragraphs 1 through 12 inclusive as though fully set forth herein.

14. On or about February 21, 2007, Defendant Hogge/Graham published a blog post on his HOGONICE.com site under the title heading "Help Me Find Fatima." In that posting Defendant Hogge/Graham writes in pertinent part, "People always want to know the name of the deadbeat ex-girlfriend who borrowed $3600.00 from me and kept it and then got me to guarantee and bar-study loan for her." Further along in the article, he writes, "You know what? Screw it. Her name is Fatima Rita Dos Santos Fahmy. She

4

sometimes turns up in searches as <u>Fatima Shutler or Fatima Dossantosfahmy</u> or Fatima R. Fahmy. He goes on to publish in the blog what purports to be a letter to Plaintiff from Sallie Mae, a provider of student loans. Defendant goes on to state, "I doubt she has an employer. <u>Work isn't her style," and, "... I have heard through the grapevine that she tends to get fired a lot."</u>

15. The foregoing underlined statements are false and defamatory to Ms. Fahmy in that she has never borrowed money from Defendant Hogge/Graham and she does not owe him any money. Hogge/Graham has never cosigned any loan of any type in any amount for Ms. Fahmy. In fact, Ms. Fahmy has requested that Defendant GH submit any documentation evidencing any debts owed to him by Plaintiff as well as any documentation evidencing GH as a cosigner on any loans. Defendant has failed to provide any such proof to date.

16. Plaintiff Fahmy is unaware of the name Fatima Shutler and has never used such a name or been known by this name or had any association with that name. Dossantosfahmy is a misspelling of Plaintiff's last name which is dos Santos Fahmy. In addition, the assertion that Ms. Fahmy is averse to productive work is ludicrous given that she endured the academic and financial burdens of obtaining her law degree and passing the Florida bar

examination all the while employed and caring for her mother who was at the time and is at present suffering from the advanced stages of Alzheimer's disease.

17. Defendant Hogge/Graham made these defamatory statements with the knowledge that they were false

18. These libelous statements expose Ms. Fahmy to contempt, ridicule, and obloquy and are reasonably susceptible of a defamatory meaning. Such false statements are particularly damaging to Ms. Fahmy in that as an attorney she is a member of a profession wherein integrity, honesty, and credibility are paramount. Moreover, she aspires to admission to the California Bar, a process that requires extensive and exhaustive background checks. Such defamatory postings would necessarily arouse the interest of the State Bar of California placing Ms. Fahmy in jeopardy of denial of the ability to practice her profession in this state.

19. As an actual and proximate result of the above detailed conduct by the Defendant, Plaintiff suffered and continues to suffer general damages in an amount in excess of the jurisdiction of this court as to be determined at trial. Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial

## SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY/FALSE LIGHT
### (Defendant Hogge/Graham and Doe Defendant One)

20.   Plaintiff incorporates by reference and realleges paragraphs 1 through 19 inclusive as though fully set forth herein.

21.   Defendant's above referenced blog post generated a comment thread wherein numerous anonymous bloggers posted their own commentary in response to the article and in which Defendant could interactively engage in ongoing dialogue about his post.

22.   One such anonymous blogger writes in pertinent part, "My condolences, Steve.  Have you heard of Borderline Personality Disorder?  Fatima sounds like classic BPD."

23.   In response, Defendant Hogge/Graham writes, "I think she is much more likely to have Narcissistic Personality Disorder.  Arrogant, believes she is a special person destined to achieve great things (in spite of great evidence to the contrary), envies other people and thinks she is envied, requires attention and adulation…that's Fatima.  I don't know if she's bad enough to be formally diagnosed, but the NPD list fits her to a T.  Also, when I knew her, it was my opinion that she had a serious drinking problem."

24. These false and unfounded statements were published with malice and with the intent to cast Ms. Fahmy in an extremely unfavorable and false light by imputing to her qualities and characteristics that she does not have and views that she does not hold.

25. Statements suggesting that Ms. Fahmy suffers from either Borderline Personality Disorder or Narcissistic Personality Disorder are patently offensive and injurious to her reputation. Moreover these statements lack any basis in fact and were made solely to cause vexation and harm to her reputation.

26. Ms. Fahmy does not now nor did she ever hold any of the beliefs attributed to her above.

27. Ms. Fahmy does not now have nor at any time in the past has had a "serious drinking problem" as alleged by Defendant Hogge/Graham." The mere couching of the allegation of alcoholism in the form of an opinion does not absolve Defendant Hogge/Graham from culpability of the false claim.

28. As a result of these statements, Defendants have intentionally and unreasonably attributed to Plaintiff objectionable views which she has never held and does not now hold in violation of Plaintiff's right not to have her

views misstated or distorted. Such attributions would be repugnant and highly offensive to a reasonable person.

29. As an actual and proximate result of the above detailed conduct by the Defendants, Plaintiff suffered and continues to suffer general damages in an amount in excess of the jurisdiction of this court as to be determined at trial. Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION FOR
## INTRUSION AND DISCLOSURE

(Defendant Hogge/Graham)

30. Plaintiff incorporates by reference and realleges paragraphs 1 through 29 inclusive as though fully set forth herein.

31. On or about February 22, 2007, Defendant Hogge/Graham published a blog post on his HOGONICE.com site under the title heading "No Checks From Fatima Rita Dos Santos Fahmy." In that posting Defendant Hogge/Graham writes in pertinent part:

a. "Amazingly, I have still not heard from Fatima Fahmy, the fine lady whose student loan I am paying off. *And for Google's sake,* let me say I mean "Fatima R. Fahmy," "Fatima Dossantosfahmy," or "Fatima R. Dossantosfahmy," AKA "Fatima Shutler." Italics added.

b. Continuing he writes, "You would think she would be eager to contact me, reimburse me and demand that I stop paying her bills. A few kind people have looked in the obvious places and provided me with old addresses. I appreciate it, but of course, I already have that stuff."

c. "What I really need is her employer's name, although I doubt she works. Unless what she did to me is considered "working," which is actually a pretty valid point of view, if you ask me.

d. "If I were her, I wouldn't want angry exes handing my Social Security number, aliases, and date of birth to anyone who offers to help, but I guess that's her choice."

e. "So you will know, her Manhattan Beach address is a P.O. Box that probably isn't valid. Her Redondo Beach address is another poor guy she screwed over."

32. The foregoing statements underlined are false and defamatory to Ms. Fahmy and were made by Defendant Hogge/Graham with the knowledge that they were false or with reckless disregard for their truth or falsity.

33. The statements in Paragraph 28 (a) and (b) are nonsensical and false in that Defendant Hogge/Graham has not been asked by Plaintiff to pay nor has he any obligation or authorization to pay student loans or any

other obligations on Ms. Fahmy's behalf. What is telling in (a) is that Defendant makes a point of emphasizing "for Google's sake" evidencing his deliberate and malicious intent and purpose of disseminating false and defamatory statement regarding Plaintiff Fahmy over as far reaching a medium as possible by assuring every possible spelling and even misspelling of Plaintiff's name is indexed and searchable in order to assure a successful search result on as many search engines and indices as possible.

34.    The publication of the existence of Plaintiff's student loan and or its status constitutes an intrusion into her personal affairs and is not a matter of public concern.

35.    This intrusion is not justified by any legitimate motive. Defendant's pretextual claim that he was seeking to find Plaintiff's address is blatantly false insofar as Plaintiff, as a member of the Florida Bar, is required to and does maintain a current and accurate address which is readily accessible to anyone on the Florida Bar's website. Defendant's tactics for information collecting is highly offensive and serves no legitimate purpose other than to harass, embarrass, and intimidate Ms. Fahmy.

36.     Defendant's conduct serves no socially sanctioned purpose and is outrageous and is highly offensive to reasonable people.

37.     As an actual and proximate result of the above detailed conduct by the Defendant, Plaintiff suffered and continues to suffer general damages in an amount in excess of the jurisdiction of this court as to be determined at trial.  Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial.

38.     The statements in Paragraph 28 (c) will be addressed below.

39.     The statements in Paragraph 28 (d) further illustrates the menacing and threatening nature of Defendant Hogge/Graham's conduct in that he evinces a willingness to publish Plaintiff's Social Security number and other identifying personal information to "anyone who offers to help" him in his destructive pursuit while maintaining the sham of identifying himself as Plaintiff's "angry ex."

40.     In Paragraph 28 (e) Defendant Hogge/Graham asserts that Plaintiff's post office box mailing address "probably isn't valid" speaks to Defendant's intentional failure to reasonably ascertain the truth or falsity of his allegations in that the post office box at issue was at all times valid and continues to be valid to present.  Defendant HOGGE/GRAHAM further

states that Ms. Fahmy's Redondo Beach address was that of "another poor guy she screwed over."

41.     This statement, which references Ms. Fahmy's former fiancé, is false in that Ms. Fahmy has never "screwed over" anyone at anytime for any reason in any location.  Moreover, said statement is outrageous and beyond the scope of conduct Plaintiff should be subjected to in a civilized society.  Such statements are highly injurious and grossly offensive to reasonable people.  Said relationship is private and personal, is of not a matter of public concern and of no concern or consequence to Defendant Hogge/Graham.  It most certainly is of no use in furthering his pretextual goal of locating Plaintiff's address.

## FOURTH CAUSE OF ACTION FOR LIBEL PER SE

(Defendant Hogge/Graham)

42.     Plaintiff incorporates by reference and realleges paragraphs 1 through 41 inclusive as though fully set forth herein.

43.     In the HOGONICE.com blog post dated February 22, 2007 under the heading "No Checks From Fatima Rita Dos Santos Fahmy," Defendant HOGGE/GRAHAM writes in pertinent part, first, "What I really need is her employer's name, although I doubt she works.  Unless what she did to me is considered "working," which is actually a pretty valid point of view, if

13

you ask me." Next, in the subsequent related comment thread immediately following the post, Defendant GH further states in pertinent part, "I think any time a man signs a contract benefitting a woman he has seen naked, fraud in the inducement should be presumed."

44.     These two statements whether uttered individually or in conjunction with the other are libelous per se insofar as the words used are tantamount to a charge of prostitution, a crime in this jurisdiction and as such subjects Ms. Fahmy to the contempt and scorn of the community at large, her peers and colleagues, friends, and prospective employers or clients.

45. The assertion that Plaintiff engaged in illegal criminal sexual misconduct is highly offensive and injurious to Plaintiff's reputation, the allegation is defamatory on it face and damages are presumed.

**46.** Such allegations of meretricious conduct are intended to and do subject Ms. Fahmy to public scorn and contempt.

**47.** Moreover, at the time during which the acts alleged were to have taken place, Defendant Hogge/Graham was quite proud to declare his status as a 39 or 40 year old virgin who still lived in his father's spare bedroom. Now, some 8 years later and approaching 50 years of age, Defendant still occupies

his father's guestroom and continues to celebrate his virginity even documenting it on his blog via a link entitled "Inadvertent Celibacy."

**48.** As an actual and proximate result of the above detailed conduct by the Defendant, Plaintiff suffered and continues to suffer general damages in an amount in excess of the jurisdiction of this court as to be determined at trial. Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION FOR LIBEL PER SE

(Defendant Hogge/Graham)

49.     Plaintiff incorporates by reference and realleges paragraphs 1 through 48 inclusive as though fully set forth herein.

50.     Defendant HOGGE/GRAHAM statements that Ms. Fahmy fraudulently induced him, by conferring sexual favors, to lend her money and/or cosign her student loan that she failed to repay is tantamount saying that Ms. Fahmy committed a fraud on the Defendant. Fraud is a crime in the State of California and as such subjects Ms. Fahmy to the contempt and scorn of the community at large, her peers and colleagues, friends, and prospective employers or clients.

51.     The assertion that Plaintiff engaged in illegal fraudulent misconduct is highly offensive and injurious to Plaintiff's reputation, the allegation is defamatory on it face and damages are presumed.

52.     As an actual and proximate result of the above detailed conduct by the Defendant, Plaintiff suffered and continues to suffer general damages in an amount in excess of the jurisdiction of this court as to be determined at trial.  Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Defendanst Hogge/Graham and Doe Three)

53.     Plaintiff incorporates by reference and realleges paragraphs 1 through 52 inclusive as though fully set forth herein.

54.     Defendant GH has published numerous posts on his blog labeling Plaintiff Fahmy as a mentally ill alcoholic prostitute who stole Defendant's money and perpetrated financial fraud on him.

55.     Additionally, Defendant has solicited aid from the general public via appeals on his blog under the pretext of ascertaining Plaintiff's address information by disclosing Plaintiff's private biographical and financial information to an unknown worldwide audience.

56.     One response to Defendant's online plea for help elicited the following from on anonymous blogger: "Holy crap...I live in Fremont. Glad she's gone (I'd hate it if the property values went down on her account), but at the same time, that means I can't - er – "send some friends" to her door. Ah, well...."

57.     Such a response clearly illustrates the potential harm to Plaintiff, including physical bodily violence, brought about by Defendant's outrageous lies.

58.     Defendant HOGGE/GRAHAM has acted with malice utilizing threats, intimidation, extortion, harassment and fear in unfairly attacking Ms. Fahmy's character.

59.     This conduct by Defendant Hogge/Graham is extreme and outrageous and so far outside the scope of human decency so as to shock the sensibilities of any reasonable person.

60.     Defendant Hogge/Graham acted with the intent to cause or with the reckless disregard for the probability of causing Plaintiff emotional distress.

61.     Plaintiff Fahmy has suffered and continues to suffer extreme and severe emotional distress including anxiety, depression, panic, and fear.

62.     As an actual and proximate result of the above detailed conduct by the Defendants, Plaintiff suffered and continues to suffer general damages

in an amount in excess of the jurisdiction of this court as to be determined at trial. Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Defendant Hogge/Graham)

63. Plaintiff incorporates by reference and realleges paragraphs 1 through 62 inclusive as though fully set forth herein.

64. Defendant Hogge/Graham knew or should have realized that his conduct involved an unreasonable risk of causing distress to Plaintiff that might result in illness or physical bodily harm. Such harm should have been reasonably foreseeable to Hogge/Graham.

65. Defendant Hogge/Graham negligent conduct is the actual proximate cause of Plaintiff's injuries.

66. Plaintiff suffered and continues to suffer nausea, gastroenterological distress, headaches, and severe and dramatic loss of weight nearly equal to 20% of her pre-injury weight. Such weight loss is particularly troubling in that Ms. Fahmy has always been fairly slight in body size and weight to begin with.

67. Defendant's negligence is the proximate cause of the Plaintiff's distress.

68.     As an actual and proximate result of the above detailed conduct by the Defendants, Plaintiff suffered and continues to suffer general damages in an amount in excess of the jurisdiction of this court as to be determined at trial.  Additionally, Plaintiff requests an award of punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Fatima R. dos Santos Fahmy, prays this Honorable Court enter judgment against Defendant Hogge/Graham and Does 1 through 3 as follows:

    a. For actual damages according to proof;

    b. For special damages according to proof;

    c. For punitive damages in an amount to be determined at trial;

    d. For pre and post judgment interest at the maximum rate allowed by law;

    e. For any and all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

Respectfully submitted by,

Fatima R. dos Santos Fahmy, Pro se
3440 Torrance Boulevard, Suite 104
Torrance, California 90503
(310) 376-0076
fax: (310) 792-1784
email: fatimafahmy_65@hotmail.com

Dated February 20, 2008

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV08- 1152 PSG (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
Fatima R. dos Santos Fahmy

**DEFENDANTS**
Stephen Graham Hogge a.k.a. Steven H. Graham and Does 1-3

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Miami-Dade

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Fatima R. dos Santos Fahmy, Pro Se
3440 Torrance Blvd., Suite 140
Torrance , CA 90503
310-376-0076

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** 75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332, 28 U.S.C. 1391

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    Florida, location of Doe defendants unknown

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
    Los Angeles

---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_      Date    February 20, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

---

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Fatima R. dos Santos Fahmy,
an individual,

PLAINTIFF(S)

v.

Stephen Graham Hogge, a.k.a.
Steven H. Graham,
an individual, and Does 1-3,

DEFENDANT(S).

CASE NUMBER

CV 08 - 1 1 5 2 - PS6 (SHX)

**SUMMONS**

FOR OFFICE USE ONLY

TO: DEFENDANT(S): STEPHEN GRAHAM HOGGE, a.k.a. STEVEN H. GRAHAM, an individual,
and Does 1-3

A lawsuit has been filed against you.

Within _20_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Fatima R. dos Santos Fahmy, ProSe, whose address is 3440 Torrance Blvd, Suite 104, Torrance, CA 90503 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: February 20, 2008

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*