O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Defendant's Second Motion to Quash Summons and Dismiss Based on Lack of Personal Jurisdiction, Invalid Service of Process, and Forum Non Conveniens**

Pending before this Court is Defendant's Second Motion to Quash Summons and Dismiss Based on Lack of Personal Jurisdiction, Invalid Service of Process, and Forum Non Conveniens. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendant's Motion.

## I.    BACKGROUND

Plaintiff Fatima R. Dos Santos Fahmy ("Plaintiff") and Defendant Stephen Graham Hogge ("Defendant") attended the University of Miami School of Law together in 1998. (Comp., ¶ 6.) Plaintiff is a citizen of California, but is admitted to practice law in Florida. (Id., ¶¶ 2, 4.) Defendant is a citizen of Florida and is admitted to practice law in Florida. (Id. ¶¶ 3, 5.) Defendant also operates, edits, and writes a weblog, commonly called a "blog," at the domain name "www.hogonice.com." (Id., ¶ 5.) Defendant's blog consists of posted commentaries by Defendant and links to other websites. (Id.) Plaintiff claims that Defendant "published numerous false, defamatory and grossly injurious statements about her" on his website, which he then linked to other websites and search engines utilizing a method known as "google bombing," to ensure that any searches for Plaintiff's name would be directed to Defendant's defamatory blog postings." (Id., ¶ 10.)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

As a result of the foregoing, on February 20, 2008, Plaintiff brought suit in federal court alleging defamation, libel, libel per se, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy against Defendant.  Defendant was served by U.S. Mail in Coral Gable, Florida.  (Second Amended Motion at 6.)  On March, 21 2008, Defendant filed a Motion to Quash Summons and Dismiss based on Lack of Personal Jurisdiction and Insufficiency of Service of Process.  (Dock. No. 7.)  On May 9, 2008, Defendant filed a Second Amended Motion to Quash Summons and Dismiss Based on Lack of Personal Jurisdiction and Insufficiency of Service of Process.  (Dock. No. 17.)  On June 9, 2008 this Court denied Defendant's Motion to Dismiss but granted Defendant's Motion to Quash for improper service of the summons.  On June 5, 2008, Plaintiff served Defendant with the Summons and Complaint.  (Dock. No. 24.)  Subsequently, Defendant filed a Second Motion to Quash Summons and Dismiss based on lack of personal jurisdiction, invalid service of process, and forum non conveniens, now before this Court.[1]

II.   LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate.  *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).  Where, as here, the court makes its jurisdictional finding based on pleadings and affidavits rather than based on an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995) (citation omitted).  Although the plaintiff cannot "simply rest on the bare allegations of its

---

[1]In filing this 43-page Motion, Defendant has violated Local Rule11-6, which states that "[n]o memorandum of points and authorities, pre-trial brief, trial brief, or post-trial brief shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge."  Given that Defendant has failed to ask this Court for permission to file a 43-page memorandum, the Court consider onlys the first 25 pages of his motion.  Accordingly, the Court does not address Defendant's motion to dismiss on the ground of forum non conveniens, as his argument does not begin until page 39.

In addition, although Defendant titles his Motion as one to quash service, he does not address insufficiency of service of process in his briefing.  Therefore, the Court addresses only the personal jurisdiction issue.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977), the complaint's uncontroverted factual allegations must be accepted as true and any factual conflicts in the parties' declarations must be resolved in plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003) (citation omitted).

Generally, determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether the forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.,* 103 F.3d 888, 893 (9th Cir. 1996) (citations omitted). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *See Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10). That is, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction over defendant violates the Due Process Clause. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). Thus, jurisdiction is proper over a nonresident defendant "if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted).

III.   DISCUSSION

"A state may assert either general or specific jurisdiction over a nonresident defendant." *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587-88 (9th Cir. 1993). Plaintiff claims that Defendant has more than the "minimum contacts" with California necessary to subject him to both general and specific jurisdiction of the court.

A.   General Jurisdiction

"If the defendant's activities in the state are 'substantial' or 'continuous and systematic,' general jurisdiction may be asserted even if the claim is unrelated to the defendant's activities." *Rano,* 987 F.2d at 587-88. Also, the standard for establishing general jurisdiction is "exacting" and requires that the defendant's contacts be of the sort that approximates physical presence. *Schwarzenegger,* 374 F.3d at 801. "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #25 and 26

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

Plaintiff's argument that the Court may exercise general jurisdiction over Defendant can be disposed of rapidly. Plaintiff contends that Defendant's activities in the state are "substantial, continuous, and systematic" because he maintains an interactive website through which he promotes and sells his books, derives income from the sale of his books in California, has broadcast from at least one California radio station for the express purpose of promoting his website and selling his books to California residents, and solicits paid advertisements to his websites. (Opp'n at 9.) While such contentions indicate that Defendant has some contact with the forum state, they fall short of the extensive evidence needed to show that contacts that are "substantial, continuous, and systematic." For example, in *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 410, 416-17, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the Supreme Court held that Texas courts lacked general jurisdiction over a defendant even though the defendant had purchased several helicopters and more than $4 million in helicopter parts from a Texas company, repeatedly sent company personnel to Texas for training and consultation, and sent its agents to Texas to negotiate contracts. Plaintiff has failed to prove that Defendant possesses even a fraction of the contacts that the Supreme Court found inadequate to bestow general jurisdiction in *Helicopteros.* Consequently, there is no basis for Plaintiff's argument that Defendant's contacts are sufficiently "substantial, continuous, and systematic" to subject him to this Court's general jurisdiction.

B.      Specific Jurisdiction

Plaintiff next argues that Defendant is subject him to specific jurisdiction of the Court. "Under specific jurisdiction, a court may assert jurisdiction for a cause of action that arises out of the defendant's forum-related activities." *Rano,* 987 F.2d at 588. The Ninth Circuit has established a three-part test for determining when a court may exercise specific jurisdiction:

(1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum;

(2) the claim must arise out of or result from the defendant's forum-related activities;

(3) exercise of jurisdiction must be reasonable.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|----------|----------------------|------|-----------------|

| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. |
|-------|-----------------------------------------------------------|

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

"The plaintiff bears the burden of satisfying the first two prongs of the 'minimum contacts' test." *Id.* (citing *Schwarzenegger,* 374 F.3d at 802 (internal citation omitted)). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.  If the plaintiff succeeds in satisfying both the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citation omitted).

> 1. *Purposeful Availment*

In *Schwarzenegger,* the Ninth Circuit clarified that the first "purposeful availment inquiry" of the three-part specific personal jurisdiction test includes the distinct concepts of "availment" and "direction."  *Schwarzenegger,* 374 F.3d at 802.  "A purposeful availment analysis is most often used in suits sounding in contract. . . .  A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.*  Because Plaintiff asserts causes of action based on tort, the Court will conduct a purposeful direction analysis to determine whether personal jurisdiction can be properly asserted.

"A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere . . . The Supreme Court has held that due process permits the exercise of personal jurisdiction over a defendant who 'purposefully direct[s]' his activities at residents of a forum, even in the 'absence of physical contacts' with the forum." *Id.* at 803.  Furthermore, the Ninth Circuit has stated that a court should "evaluate purposeful direction under the three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)." *Id.*  The "effects test" in *Calder* requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

In the context of the internet, further considerations inform the Court.  The likelihood that the Court has personal jurisdiction over an a person whose contacts with the forum state is his or her website depends on whether the website is considered "active," in that commercial activity can be conducted through the site, or "passive," in that it is merely informational and viewers can in no way interact with the site. *Zippo Mfg. Co. v. Zippo Dot*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

*Com, Inc.*, 952 F.Supp 1119, 1124 (W.D. PA 1997); *Cybersell, Inc. v. Cybersell, Inc.*,130 F.3d 414, 419 (9th Cir. 1997). Personal jurisdiction cannot be based solely on the operation of a "passive" web site that provides information or advertising. *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). However, operating a passive site in conjunction with other targeting activities may confer personal jurisdiction. *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1020 (9th Cir. 2002). "The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Zippo Mfg. Co.*, 952 F.Supp at 1124.

Courts have addressed different aspects of websites to determine whether they are active or passive. For example, a website that allows residents of a forum to sign up to a newsletter on the has been found to be enough contact to bring a nonresident defendant under the jurisdiction of that forum's court. *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328, 1334 (E.D. Mo.1996.), *affirmed in*, *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1338 (E.D. Mo.1996). Allowing viewers to interact with the website by providing feedback or comments moves the web page from "passive" to "active." *Blumenthal v. Drudge*, 992 F.Supp. 44, 56 (D.D.C.,1998.)

According to Plaintiff, Defendant subscribes to a fee-based California corporation to provide webhosting and domain name registration services for his www.hogonice.com website. (Opp'n at 12.) Defendant has allegedly utilized these services since 2004, and has paid for these services through April 4, 2009. (Id.) As of July 20, 2008, at least 6% of visitors to Defendant's www.hogonice.com website were from California, as tracked by site meter provided by a California company. (Opp'n at11.) Defendant pays this company on subscription basis. (Id.) Moreover, via his website, Defendant allegedly invites users to subscribe to a newsletter by submitting their email addresses, and actively solicits emails from users which he then posts on his website. (Id.) For the purposes of the test in *Zippo*, the Court finds that the web activity Plaintiff describes occupies the "middle ground."

With this in mind, the Court turns to the first prong of the *Calder* test. First, Plaintiff alleges that Defendant intentionally published false, malicious and defamatory statements on his weblog about Plaintiff, including numerous posts labeling her as a mentally ill alcoholic prostitute. (Opp'n at 16; Comp. ¶ 54) For example, Defendant allegedly published, under the title heading "Help Me Find Fatima," "People always want to know the name of my deadbeat ex-girlfriend who borrowed $3600.00 from me and kept it and then got me to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | | Date | August 13, 2008 |
|---|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | | |

guarantee a bar-study loan for her . . . You know what? Screw it. Her name is Fatima Dos Santos Fahmy. She sometimes turns up in searches as Fatima Shutler or Fatima Dossantosfahmy or Fatima R. Fahmy." (Comp. ¶ 14.)  In addition, Plaintiff claims Defendant allegedly published, "I doubt she had an employer. Work isn't her style"; "I have heard through the grapevine that she tends to get fired a lot"; and "when I knew her, it was my opinion she had a serious drinking problem." (Comp. ¶ 23.)  Plaintiff also alleges that Defendant intentionally sought her out, by publishing statements on his website such as: "What I really need is her employer's name, although I doubt she works. Unless what she did to me is considered 'working,' which is actually a valid point of view, if you ask me" (Comp. ¶ 31c); "If I were her, I wouldn't want angry exes handing out my Social Security number, aliases, and date of birth to anyone who offers to help, but I guess that's her choice" (Comp. ¶ 31d); and "Her Redondo Beach address is another poor guy she screwed over." (Comp. ¶ 31e.)  Based on these allegations, Plaintiff has sufficiently alleged that Defendant committed intentional acts.

    As for the second prong of the *Calder* test, Plaintiff alleges that Defendant expressly aimed these postings at the forum state because he knew she resided in California. (Opp'n at 17.)  Plaintiff always maintained her current address in California which was accessible through the Florida Bar's website. (Opp'n at 16-17.)  Additionally, Defendant routinely contacted Plaintiff over a period of years at two different home telephone numbers in California, and contacted her via her California cell phone and numerous emails. (Opp'n at 17.)  Plaintiff claims that Defendant knew she was in California when he made the allegedly defaming posts, and therefore he was directing the comments at those in California who knew Plaintiff and at Plaintiff herself.

    With respect to the third prong of the *Calder* test, Plaintiff alleges Defendant caused harm that he knew she was likely to suffered in California. Plaintiff contends that Defendant's defamatory statements were made for the sole express purpose of causing harm to Plaintiff who he knew resides in California. (Id.)

    Based on these allegations, the Court finds that Defendant purposefully directed his allegedly tortious conduct at California under the *Calder* effects tests. Plaintiff has made a prima facie showing that Defendant committed intentional acts, expressly aimed at her those who knew her in California, causing harm that he knew was likely to be suffered in California. *See Calder,* 465 U.S. at 791. Under these circumstances, Defendant should have "reasonably anticipate[d] being haled into court there" to answer for the truth of the statements made on his blog. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S., at 297,

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

100 S.Ct., at 567; *Kulko v. Superior Court*, 436 U.S. 84, 97-98, 98 S.Ct. 1690, 1699-1700, 56 L.Ed.2d 132 (1978); *Shaffer v. Heitner,* 433 U.S. 186, 216, 97 S.Ct. 2569, 2586, 53 L.Ed.2d 683 (1977).

### 2. *Plaintiff's Claims Arise from Defendant's California-Related Activities*

The second prong of the minimum contacts analysis for specific personal jurisdiction considers whether the claims made against the defendants arise out of their forum-related activities. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1131 (9th Cir. 2003). The Ninth Circuit "uses a 'but-for' test to make that determination." *Id.* at 1132 (citation omitted). Furthermore, the Ninth Circuit's 'but-for' test for relatedness is "broader than those adopted by certain other circuits." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2003) (citing *Nowak v. Tak How Invs.,* 94 F.3d 708, 714-15 (1st Cir. 1996)).

As mentioned in the previous section, Plaintiff has alleged that Defendant engages in various forum related activities related to his website. In addition to his blogging activities, Defendant allegedly hosts a radio program using California corporation as his internet service provider. (Opp'n at 13.) Plaintiff described this activity as "in essence broadcasting live from California." (Opp'n at 14.) Moreover, Plaintiff claims that Defendant routinely contacted her over a period of years via telephone calls to her at two different California home numbers, exclusive of her current California home number, and has contacted her via her California cell phone number on two occasions. (Comp. ¶17.) Additionally, Defendant posted on his website the address for Plaintiff's post office box located in Redondo Beach, CA. (Comp. ¶ 31(e).) Here, "but for" Defendant's postings on his website directed towards Plaintiff and his contacts established via his website, Plaintiff's injuries would not have occurred. Thus, under the effects doctrine, the second requirement for the exercise of personal jurisdiction is satisfied.

### 3. *Reasonableness of Exercise of Personal Jurisdiction*

After a plaintiff satisfies the first two prongs of the test for personal jurisdiction, "[t]he party seeking to defeat personal jurisdiction 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Mattel, Inc. v. Greiner and Hausser GmbH,* 354 F.3d. 857, 866 (9th Cir. 2003) (citation omitted). The Ninth Circuit has identified seven other factors to consider in weighing the reasonableness of personal jurisdiction including: (1) the extent of the defendants' purposeful interjection into the forum

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* at 866-87. No one factor is dispositive, and a court should balance all seven. *Id.* at 868.

      The first factor weighs in favor of Plaintiff, who alleges that Defendant purposefully interjected himself into the affairs of Plaintiff, a California resident. Thus, Defendant sufficiently directed activities to California for personal jurisdiction to be found. The second factor weighs in Defendant's favor, as he would be burdened by having to travel to California to defend himself in this action. The third and fourth factors, however, weigh in favor of Plaintiff. There does not appear to be any significant conflict with Florida's sovereignty, and California has a compelling interest in adjudicating lawsuits against those who cause injury to citizens of the state. *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996) ("California maintains a strong interest in providing an effective means of redress for its residents tortiously injured."). Because Plaintiff is a California citizen and she alleges harm caused by Defendant which occurred in California, California has a strong interest in this dispute. As to the fifth factor, efficient resolution of the lawsuit, Plaintiff asserts that this case will turn on documentary evidence, not witness testimony. Accordingly, this factor is neutral. The sixth factor, however, weighs heavily in favor of Plaintiff. Plaintiff's interest in completing the litigation in this forum is great because she lives in California and this is her chosen forum. The last factor asks whether an alternative forum exists to provide Plaintiff relief. Although Plaintiff could re-file this lawsuit in Florida, this fact is only significant if the other factors weigh against an exercise of jurisdiction. *Grokster,* 243 F. Supp. 2d at 1094 (citation omitted).

      Based on a weighing of the factors, the Court finds that Defendant has not presented a compelling case in his favor, and so exercising personal jurisdiction over him would be reasonable. Because all three prongs of the test for personal jurisdiction are satisfied, the Court is convinced that exercising personal jurisdiction over Defendant is proper in this case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #25 and 26**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | August 13, 2008 |
|----------|----------------------|------|-----------------|
| Title    | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge, et al. | | |

IV.    <u>CONCLUSION</u>

    For the reasons set forth above, the Court hereby DENIES Defendant's Second Motion
to Squash Summons and Dismiss for Lack of Personal Jurisdiction, Invalid Service of Process,
and Forum Non Conveniens.

        IT IS SO ORDERED.

                                                        _____ : _____

                                    Initials of Deputy
                                            Clerk      _____

cc: