O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

~~link #41;~~
11/17 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**   (In Chambers) Order on Defendant's Motion for Reconsideration

Pending before this Court is Defendant's Motion for Reconsideration. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS Defendant's Motion.

I.   Background

Plaintiff Fatima R. Dos Santos Fahmy and Defendant Stephen Graham Hogge attended the University of Miami School of Law together in 1998. (Compl. ¶ 6.) Plaintiff is a citizen of California, but is admitted to practice law in Florida. (*Id.* ¶¶ 2, 4.) Defendant is a citizen of Florida and is admitted to practice law in Florida. (*Id.* ¶¶ 3, 5.) Defendant also operates, edits, and writes a weblog, commonly known as a "blog," at the domain name www.hogonice.com. (*Id.* ¶ 5.) Defendant's blog consists of posted commentaries by Defendant and links to other websites. (*Id.*) Plaintiff claims that Defendant "published numerous false, defamatory and grossly injurious statements about her" on his website, which he then linked to other websites and search engines utilizing a method known as "google bombing" to ensure that any searches for Plaintiff's name would be directed to Defendant's defamatory blog postings. (*Id.* ¶ 10.)

As a result of the foregoing, on February 20, 2008, Plaintiff brought suit in this Court alleging defamation, libel, libel per se, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy against Defendant. On March, 21 2008, Defendant filed a motion to quash summons and dismiss based on lack of personal jurisdiction

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #41;
11/17 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

and insufficiency of service of process.  On May 9, 2008, Defendant filed a second amended motion to quash summons and dismiss based on lack of personal jurisdiction and insufficiency of service of process.  On June 9, 2008 the Court denied Defendant's motion to dismiss, but granted Defendant's motion to quash for improper service of the summons.  On June 5, 2008, Plaintiff served Defendant with the Summons and Complaint.  Subsequently, Defendant filed a second motion to quash summons and dismiss based on lack of personal jurisdiction, invalid service of process, and forum non conveniens ("Second Motion to Dismiss").  The Court denied that motion in its entirety in an order dated August 13, 2008.

On September 9, 2008, Defendant filed a Motion for Reconsideration of the order denying Defendant's Second Motion to Dismiss.  On September 25, 2008, the Court granted Plaintiff's ex parte application to move the hearing date on Defendant's Motion to Reconsider to October 20, 2008.  On September 30, 2008, Defendant filed an Amended Motion for Reconsideration.  Plaintiff has not filed an opposition.  However, she filed a Motion to Strike Defendant's Motion for Reconsideration, which was set for hearing on November 17, 2008.  The Court will treat Plaintiff's Motion to Strike as her opposition to Defendant's Motion for Reconsideration and consider it here.  Accordingly, the November 17, 2008 hearing date is VACATED.

II.     Legal Standard

     *A.*     *Reconsideration*

Reconsideration is appropriate if: (1) the party seeking reconsideration presents the court with newly-discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* Local Rule 7-18.

     *B.*     *Motion to Dismiss for Lack of Personal Jurisdiction*

When a defendant brings a 12(b)(2) motion to dismiss based on lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case that personal jurisdiction exists.  *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993).  In determining whether a prima facie case has been made, uncontroverted allegations in the complaint are deemed true.  William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #41;
11/17 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

Civil Procedure Before Trial § 9:115 (The Rutter Group 2008) (citing *WNS, Inc. v. Farrow* 884 F.2d 200, 204 (5th Cir. 1989)). The Court may not, however, assume the truth of allegations that are contradicted by sworn affadavit. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977); Schwarzer, Tashima, & Wagstaffe, § 9:115. That is, where a motion to dismiss challenges the facts alleged, the plaintiff must present admissible evidence to support the Court's exercise of personal jurisdiction. *Data Disc*, 557 F.2d at 1284. Furthermore, where the facts of jurisdiction are contested, at some point—either at an evidentiary hearing or at trial—the plaintiff will have to prove the existence of personal jurisdiction by a preponderance of the evidence.[1] *Rano*, 987 F.2d at 587 n.3; Schwarzer, Tashima, & Wagstaffe, §§ 9:119, 9:121.

III. Discussion

    *A.    Reconsideration*

Defendant argues that reconsideration is warranted on the following grounds: (1) Plaintiff obtained the denial of Defendant's motion by committing fraud on the Court; (2) the Court did not follow precedent requiring special accommodation of pro se litigants with regard to procedural errors; (3) the Court applied the wrong law; (4) the Court erroneously considered facts irrelevant to the issue of specific personal jurisdiction; (5) the Court erred in failing to require Plaintiff to support her jurisdictional allegations with competent evidence; and (6) the Court failed to consider material facts presented to it.

First, Defendant argues that reconsideration is appropriate because the Court failed to consider facts presented in his Second Motion to Dismiss. As explained in the Court's August 13, 2008 ruling, Defendant's 43-page memorandum in support of his motion violated Local Rule 11-6 and the Court's Standing Order, which state that no motion brief shall exceed 25 pages in length unless permitted by order of the Court.[2] Accordingly, the Court considered only the first 25 pages of Defendant's brief. Defendant argues that this penalty was "harsh and unnecessary."

---

    [1] Where a court denies a motion to dismiss for lack of personal jurisdiction, the case may proceed to trial without any waiver of the jurisdictional challenge. *Stewart v. Ragland*, 934 F.2d 1033, 1036 n.5 (9th Cir. 1991).

    [2] Defendant also filed a 21-page Reply brief, in violation of the Court's Standing Order that Replies not exceed 12 pages. (Standing Order ¶ 5(c).)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #41;
11/17 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

He maintains that the Court should acted more leniently in light of the fact that he is acting *pro se*. In support of this proposition, Plaintiff relies on a case involving a pro se habeas petitioner who had a third-grade education and was functionally illiterate. *See Brown v. Roe*, 279 F.3d 742, (2002). In stark contrast, Defendant is a licensed attorney. Although Defendant is not a member of the California Bar and claims to be "rusty," the Court finds that ignorance is no excuse in this case. The page limit on motions is not a complex "technical procedural requirement." (Mot. 8:8.) Defendant needed only to read the Court's Standing Order to learn of this simple rule. Parties acting *pro se* must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, it is within the Court's discretion to strike oversized briefs in their entirety. *See Broden v. Marin Humane Soc'y*, No. 97-0008, 1997 WL 818587, at *3 (N.D. Cal. Nov. 14, 1997) (citing *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996)). Thus, the Court did not manifestly err in considering only the first 25 pages of Defendant's motion.

As alternative grounds for reconsideration, Defendant argues that the Court erred by relying upon Plaintiff's allegations, which were unsupported by admissible evidence, in concluding that personal jurisdiction exists. Because Defendant provided a sworn statement in support of his jurisdictional challenge, the Court should not have accepted as true the factual allegations that were contested by Defendant. Therefore, the Court will reconsider its decision.

    B.    *Personal Jurisdiction*

Because the Court previously concluded that it could not exercise general jurisdiction over Defendant, it will only reconsider whether Defendant is subject to specific jurisdiction. The Ninth Circuit has established a three-part test for determining when a court may exercise specific jurisdiction:

> (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum;
>
> (2) the claim must arise out of or result from the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must be reasonable.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #41;
11/17 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (internal quotation marks and citation omitted).

Under the first prong of the Ninth Circuit's three-part specific jurisdiction test, Plaintiff must establish that Defendant either purposefully availed itself of the privilege of conducting activities in California or purposefully directed his activities toward California. While a purposeful availment analysis is most often used in suits sounding in contract, a purposeful direction analysis is most often used in suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802. Because Plaintiff's suit is based on allegations that Defendant committed intentional torts, the purposeful direction analysis is the appropriate framework for determining whether personal jurisdiction exists here.

Under Ninth Circuit precedents, the purposeful direction requirement is analyzed under the "effects" test derived from *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)." *Id.* at 803. The "effects test" in *Calder* requires that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knew was likely to be suffered in the forum state. *Id.*

The Court finds that the first prong of the *Calder* test is satisfied. Plaintiff alleges that Defendant intentionally published false, malicious and defamatory statements on his blog about Plaintiff, including numerous posts labeling her as a mentally ill alcoholic prostitute. (Comp. ¶ 54) For example, under the title heading "Help Me Find Fatima," Defendant allegedly published: "People always want to know the name of my deadbeat ex-girlfriend who borrowed $3600.00 from me and kept it and then got me to guarantee a bar-study loan for her . . . You know what? Screw it. Her name is Fatima Dos Santos Fahmy. She sometimes turns up in searches as Fatima Shutler or Fatima Dossantosfahmy or Fatima R. Fahmy." (Comp. ¶ 14.) Additionally, Defendant allegedly published: "I doubt she had an employer. Work isn't her style"; "I have heard through the grapevine that she tends to get fired a lot"; and "when I knew her, it was my opinion she had a serious drinking problem." (Comp. ¶ 23.) Plaintiff also claims that Defendant intentionally sought her out by publishing statements on his website such as:

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**link #41;
11/17 hrg vacated**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

"What I really need is her employer's name, although I doubt she works. Unless what she did to me is considered 'working,' which is actually a valid point of view, if you ask me" (Comp. ¶ 31c); "If I were her, I wouldn't want angry exes handing out my Social Security number, aliases, and date of birth to anyone who offers to help, but I guess that's her choice" (Comp. ¶ 31d); and "Her Redondo Beach address is another poor guy she screwed over." (Comp. ¶ 31e.) Plaintiff has sufficiently alleged that Defendant committed intentional acts.

Next, the Court turns to the second part of the *Calder* test. Placing defamatory information on the Internet is not sufficient by itself to subject the non-resident owner of a website to personal jurisdiction in California. Schwarzer, Tashima, & Wagstaffe § 3:266. Rather, Plaintiff must show that Defendant "expressly aimed" his tortious conduct at her, knowing her to be a resident of California. *See id; Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). "Courts look to the geographic focus of the defamation because [the] defendant must be chargeable with knowledge of the forum at which his conduct is directed in order to reasonably anticipate being haled into court in that forum." Schwarzer, Tashima, & Wagstaffe § 3:266 (citing *Resell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002)).

Here, Plaintiff alleged that Defendant expressly aimed his defamatory postings at the forum state because he knew she resided in California. (Opposition to Second Motion to Dismiss ("Opp.") at 17.) Plaintiff always maintained her current address in California, and this information was accessible through the Florida Bar's website. (Opp. at 16-17.) Additionally, Plaintiff alleged that Defendant routinely contacted Plaintiff over a period of years at two different home telephone numbers in California, and contacted her via her California cell phone and numerous emails.[3] (Opp. at 17.) However, Plaintiff submitted no affidavit or other competent evidence supporting these allegations.

Defendant argues that the evidence he submitted in support of his Second Motion to Dismiss and again in support of his Motion for Reconsideration establishes that he did not know that his purported actions would cause an effect in California. In an affidavit, Defendant testified that at the time he published the allegedly defamatory statements, he was "uncertain"

---

[3] While Defendant is correct that the lawsuit does not "arise out of" these phone and email contacts, they are probative of whether Defendant knew Plaintiff lived in California at the time of the alleged defamation.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #41;
11/17 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

where Plaintiff lived and "sincerely believed that Plaintiff was probably a resident of Florida." (Hogge 2d Decl. 4:1-4.) Defendant stated that his last conversation with Plaintiff was in 2003 (four years prior to the allegedly defamatory postings), when he reached her via her then-fiance's home telephone number. He also testified that he attempted to reach Plaintiff via a 310 (California) telephone number after this suit was filed—that is, some time after the allegedly defamatory remarks were published. Additionally, Defendant points to three letters from Plaintiff's student loan servicer, each of which listed a Florida address for Plaintiff, as well as a letter which he wrote to the loan servicer in June 2006 indicating that he believed Plaintiff was living in Florida. Defendant contends that these letters are probative of his belief that Plaintiff lived in Florida at the time of the defamatory statements. (Mot. to Reconsider at 16; Exs. A & B.) Thus, he argues, he did not expressly aim any conduct at California.

Although the Court is not convinced of Defendant's credibility, Plaintiff has failed submit any admissible evidence showing that Defendant expressly aimed his conduct at the forum stating by targeting Plaintiff, knowing that she was a resident of California. *See, e.g., IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, (3d Cir. 1998) ("[K]nowledge that the plaintiff is located in the forum is necessary to the application of *Calder* . . . ."); *Pavlovich v. Sup. Ct.*, 29 Cal. 4th 262, 270-71, 127 Cal. Rptr. 2d 329 (2002) ("[M]ost courts agree that merely asserting that a defendant knew or should have known that his intentional acts would cause harm in the forum state is not enough to establish jurisdiction under the effects test.").

Plaintiff also pointed to other contacts which, she contends, demonstrate that Defendant purposefully directed his conduct at California. Plaintiff claimed that Defendant subscribes to www.WHOIS.net, a fee-based California corporation that provides webhosting and domain name registration services. (Opp. at 12.) Defendant has allegedly utilized these services since 2004 and has paid for these services through April 4, 2009. (*Id.*) According to Plaintiff, as of July 20, 2008, at least 6% of visitors to Defendant's website were from California, as tracked by Site Meter, Inc., a California company. (Opp. at 11.) She claimed that Defendant pays Site Meter on subscription basis. (*Id.*) Moreover, via his website, Defendant allegedly invites users to subscribe to a newsletter by submitting their email addresses and actively solicits emails from users, which he then posts on his website. (*Id.*) Critically, however, Plaintiff failed to submit an affidavit or any other admissible evidence supporting these allegations.

Defendant contested many of these factual allegations in a sworn statement. He stated that he has never done business with Site Meter, Inc. or paid it any sum of money. (Hogge 3d Decl. 1:15-22.) He maintained that his involvement with Site Meter is limited to placing its free

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #41;
11/17 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

statistics on his website. (*Id.*) Furthermore, Defendant claims that the meter only shows statistics for the previous 12 months, so it is impossible to say whether California residents visited his website before this suit arose. (Mot. to Reconsider at 15.) Defendant also testified that he has never promoted his website using a newsletter, nor solicited subscriptions to his website. (Hogge 3d Decl. 2:1-2; Hogge 2d Decl. 2:12-17.) Furthermore, Defendant contradicts Plaintiff's allegation that he subscribes to www.WHOIS.net and utilizes this service as his webhosting and domain name registration provider. In his affidavit, Defendant stated that (1) he does not know what a subscription to WHOIS.net is, (2) he has never done business with that corporation, and (3) all of his internet domain names were registered through other companies. (Hogge 3d Decl. 2:11-14.)

Although the Court must resolve all factual disputes in favor of Plaintiff on a motion to dismiss, it may not assume the truth of her allegations since Defendant has contradicted them with a sworn statement. *See Data Disc*, 557 F.2d at 1284. Because Defendant has submitted affidavits which dispute the jurisdictional facts, Plaintiff "[is] obligated to come forward with facts, by affidavit or otherwise, supporting jurisdiction." *Ambar Mktg. Sys., Inc. v. Jobar Int'l*, 551 F.2d 784, 787 (9th Cir. 1987). Moreover, the party asserting jurisdiction has the burden of establishing its existence when challenged. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). Here, Plaintiff did not submit any competent evidence that would support her claims, instead resting on the allegations in the Complaint and her opposition brief. Therefore, the Court finds that Plaintiff has failed to carry her burden of making a prima facie showing that Defendant has significant minimum contacts with California to warrant the exercise of personal jurisdiction over Defendant.[4]

IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Reconsider is GRANTED and Plaintiff's claims are DISMISSED for lack of personal jurisdiction.

**IT IS SO ORDERED.**

---

[4] Because Plaintiff has failed to satisfy the second requirement of the *Calder* effects test, the Court need not reach the third part of the effects test or the second and third prongs of the Ninth Circuit's specific jurisdiction analysis.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #41;
11/17 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |