O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#52/53/56/60/61

CIVIL MINUTES - GENERAL

| Case No. | CV 08-1152 PSG (SHx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiff's Motion for Relief from Judgment or Order**

Before this Court is Plaintiff's Motion for Relief under Fed. R. Civ. P. 60(b). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiff's Motion.

I.   Background

Plaintiff Fatima R. Dos Santos Fahmy and Defendant Stephen Graham Hogge attended the University of Miami School of Law together in 1998. Plaintiff is a citizen of California, but is admitted to practice law in Florida. Defendant is a citizen of Florida and is admitted to practice law in Florida. Defendant also operates, edits, and writes a weblog, commonly known as a "blog," at the domain name www.hogonice.com. Defendant's blog consists of posted commentaries by Defendant and links to other websites. Plaintiff claims that Defendant "published numerous false, defamatory and grossly injurious statements about her" on his website, which he then linked to other websites and search engines utilizing a method known as "google bombing" to ensure that any searches for Plaintiff's name would be directed to Defendant's defamatory blog postings

On February 20, 2008, Plaintiff brought suit against Defendant for defamation, libel, intentional infliction of emotional distress, and negligent infliction of emotional distress. On August 13, 2008, the Court denied Defendant's second motion to quash summons and dismiss based on lack of personal jurisdiction, invalid service of process, and forum non conveniens. Defendant then filed a motion for reconsideration. The Court granted the motion for

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#52/53/56/60/61

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

reconsideration based on its determination that it had erred in failing to require Plaintiff to support her jurisdictional allegations with admissible evidence. Consequently, the Court dismissed Plaintiff's claims for lack of personal jurisdiction on October 14, 2008. Plaintiff now moves the Court to set aside the order of dismissal.

II.  Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has explained that "[t]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith" ("the *Pioneer* factors"). *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

III.  Discussion

Plaintiff seeks relief from the Court's order of dismissal pursuant to Fed. R. Civ. P. 60(b)(1), which provides that "excusable neglect" may be grounds for relief from a final judgment or order.[1] Plaintiff maintains that she erroneously concluded that the submission of her signed pleadings would suffice in lieu of an affidavit supporting her jurisdictional allegations, an error which she "regrets."

As for the first *Pioneer* factor, any prejudice to Defendant appears to be minimal; he has not shown any disadvantage "beyond that suffered by any party which loses a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). As for the second factor, the length of delay, Plaintiff filed the instant motion less than

---

[1] Plaintiff also contends that Defendant committed fraud upon the Court by submitting false affidavits. However, Plaintiff has not submitted evidence sufficient to justify relief pursuant to Rule 60(b)(3), which authorizes the court to grant a motion for relief from judgment because of fraud, misrepresentation, or misconduct by an opposing party. *See Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982) (fraud must be proved by clear and convincing evidence).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#52/53/56/60/61

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1152 PSG (SHx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Fatima R. Dos Santos Fahmy v. Stephen Graham Hogge | | |

three weeks after the Court dismissed the action. Furthermore, the litigation was in its earliest stages, and the Court had not yet set a date for trial. Thus, the length of the delay, and its potential impact on the judicial proceedings, is minimal. *Bateman*, 231 F.3d at 1225. The fourth factor also supports granting the motion. There is no evidence that Plaintiff acted in bad faith; her errors appear to be the result of "negligence and carelessness, not . . . deviousness or willfulness." *Id.*

However, the reason for the delay militates against a finding of excusable neglect. It is undisputed that the sole reason for Plaintiff's failure to submit admissible evidence in opposing Defendant's motion to dismiss was her own negligence. The Ninth Circuit has repeatedly held that failure to read and follow an applicable rule, or ignorance of the law, does not constitute excusable neglect. *E.g., Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043-44 (9th Cir. 1992); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994). Although Plaintiff is acting *pro se*, she is an attorney; furthermore, parties who chose to represent themselves must follow the same rules that govern other litigants. *See Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citations omitted); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001) (attorney-litigant's failure to file answer was not excusable neglect). Because Plaintiff has not shown a persuasive justification for her failure to file evidentiary materials, there is no basis for deviation from the general rule that a mistake of law does not constitute excusable neglect. *Speiser*, 271 F.3d at 886; *Kyle*, 28 F.3d at 932.

IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Relief from the Court's order of dismissal is DENIED. **The evidentiary hearing set for January 5, 2009 is cancelled.**

**IT IS SO ORDERED.**